NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN HASSAN, | No. 09-17169 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-02144-MCE-DAD |
| v. | |
| FRED MORAWCZNSKI, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted November 1, 2010
San Francisco, California

Before: GOULD, IKUTA, Circuit Judges, and MAHAN, District Judge.[**]

Allen Hassan ("Hassan") appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus challenging his California state court

convictions for obstructing an executive officer, resisting a peace officer, speeding,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

driving without possession of valid registration, and assault on a peace officer. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

There are four certified issues in this appeal. Hassan first argues that because the California trial court did not give sua sponte a special unanimity instruction, Hassan was denied his right to a unanimous jury. The Appellate Department's conclusion—in the last reasoned decision in this matter—that there was no error in the omission of the instruction is a binding interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Further, the Supreme Court "has never held jury unanimity to be a requisite of due process of law." *Johnson v. Louisiana*, 406 U.S. 356, 359 (1972). Thus, the state court's rejection of Hassan's claim was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

Hassan next contends that the jury instructions on assault, in light of expert testimony and argument by the prosecutor, violated his due process rights, and that additional clarifying instructions should have been given. However, Hassan has not met his "heavy" burden in these circumstances, *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977), to show that the omission "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147

2

(1973). The judge gave instructions on assault in accordance with California law, and further instructed the jury that, "If anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions on the law, you must follow my instructions." These instructions, which we presume were followed, *Fields v. Brown*, 503 F.3d 755, 782 (9th Cir. 2007), show that any potential confusion from testimony or argument did not so infect the outcome of the trial and resulting conviction as to violate due process. The state court's rejection of this claim was not contrary to, nor an unreasonable application of, clearly established federal law.

Third, Hassan claims that misconduct by the prosecutor in closing argument violated his due process rights. This claim also fails because the prosecutor's argument did not so infect the trial with unfairness as to deprive Hassan of due process. *See Hein v. Sullivan*, 601 F.3d 897, 912 (9th Cir. 2010) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). The argument that is the subject of this claim was an unfinished, ambiguous remark at the end of the closing statement that was not emphasized by the prosecutor. Furthermore, Hassan cannot show he suffered prejudice from any improper suggestion by the prosecutor on assault because the jury instructions cured any confusion.

Finally, Hassan argues that his trial counsel rendered ineffective assistance in a number of different respects, in violation of his Sixth Amendment rights. The Appellate Department, citing *Strickland v. Washington*, 466 U.S. 668 (1984), determined that counsel's representation did not fall below an objective standard of reasonableness. Trial counsel's failure to object at several junctures in the testimony was not unreasonable, as some of the testimony was arguably admissible, and counsel might have elected not to object for acceptable or strategic reasons. Trial counsel's decision not to introduce evidence of prior complaints against the officer in exchange for the prosecutor's promise not to introduce evidence of prior incidents involving Hassan was a reasonable tactical choice. Counsel's decision not to introduce additional expert testimony was similarly reasonable given that several experts had already testified on the subjects in question. On both these issues we must give deference to the proper scope of strategic decision-making by counsel. *See Strickland*, 466 U.S. at 690–91; *Rompilla v. Beard*, 545 U.S. 374, 380–81 (2005). As to each of these claims of ineffective assistance of counsel, the state court did not unreasonably apply clearly established federal law in determining that the performance of Hassan's counsel met an objective standard of reasonableness.

4

Although the dissent points to troubling issues in the record, we are bound by AEDPA, which establishes a "highly deferential standard for evaluating state-court rulings." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation and marks omitted). In arguing that the state court's rejection of Hassan's due process claim was contrary to or an unreasonable application of Supreme Court law, the dissent points only to general due process standards. But where a Supreme Court case sets "a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). Under this deferential standard of review, the state court's decision was neither contrary to nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.

*Allen Hassan v. Fred Morawcznski*, No. 09-17169

GOULD, Circuit Judge, dissenting.

Allen Hassan was convicted by a jury in California state court of obstructing an executive officer, resisting a peace officer, speeding, driving without possession of valid registration, and assault on a peace officer. The convictions arose out of an altercation between Hassan and Officer Cooney following a traffic stop, the details of which were contested at trial. The prosecutor posited during closing argument that the jury could convict Hassan of assault based on any one of three discrete acts by Hassan that were included in Officer Cooney's version of events: (a) grabbing the officer's badge, (b) swinging at the officer as Hassan broke free from the officer's hold, or (c) "spearing" the officer with Hassan's shoulder while in handcuffs.

Although there is no clearly established right in Supreme Court precedent to jury unanimity in a state prosecution, *see Johnson v. Louisiana*, 406 U.S. 356, 359 (1972), a prisoner may also challenge a flawed instruction through a writ of habeas corpus on the theory that it "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). We must inquire whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

The omission of a clarifying jury instruction in this case violated Hassan's due process right to fundamental fairness in his trial because it permitted a conviction for assault without agreement by even a simple majority of the jury on the act constituting assault. Under the prosecutor's theory of the case as presented to the jury, it is entirely plausible that the jurors split three ways, with several jurors believing Hassan committed assault only by grabbing the officer's badge, and not otherwise, several jurors believing Hassan committed assault only by swinging his arms to break the officer's hold, and not otherwise, and several jurors believing Hassan committed assault only by "spearing" the officer with his shoulder, and not otherwise. In the serious business of a criminal trial, there should be more certainty than this. While all twelve jurors need not agree on "which of several possible sets of underlying brute facts make up a particular element" of an offense, *Richardson v. United States*, 526 U.S. 813, 817 (1999), the real possibility of a lack of agreement on the very act constituting the crime of assault violated Hassan's right to a fair trial under the Due Process Clause. I would therefore reverse and grant relief.

It's also worth stepping back a bit to consider how unusual is this case. A doctor returning home from a basketball game at half-time to attend to matters for a patient is stopped for speeding. One thing leads to another, and there is not only

2

a speeding ticket but potentially reciprocal assaults and finally criminal conviction of the doctor. Add to this mix that the doctor was a United States citizen, had an Arab name, and was stopped for his speeding ticket in January 2002, not long after September 11, 2001. It is also curious that in this particular case of conflicting testimony between traffic officer and citizen, the normal video machinery of the police car was said to have malfunctioned so there was no video record that might have answered the conflicts between the testimony of the officer and of Hassan. In such a context, we as appellate judges can never know precisely what occurred between the police officer and Hassan, and why a seemingly routine traffic stop escalated to such a confrontation including criminal charges. All of that is squarely in the province of the jury. However, we are in a position to ensure that Hassan received a fair trial, and hence my dissent. In the unusual circumstances of this case, including the prosecutor's argument that three separate assaults occurred, each of which is adequately separated in time and space, one cannot be confident that even a simple majority of the jury convicted Hassan of one of the specified assaults. In my view, that is fundamentally unfair, and a violation of due process under established principles and Court precedent.